LENA LINDEMANN ET AL, APPELLEES, V. ST. JOSEPH & GRAND ISLAND RAILWAY COMPANY, APPELLANT.

FILED MARCH 18, 1925. No. 23041.

1. **States: LAWS: SAVING CLAUSE.** The Constitution of 1866, and the territorial laws enacted thereunder, were approved by the Congress when Nebraska was admitted to the Union, and all laws then in force were then, and thereby, saved to the state.
2. **Railroads: RIGHT OF WAY: POLICE POWER.** A right of way granted through the public domain within a state is amenable to the police power of the state. *Northern P. R. Co. v. Townsend,* 190 U. S. 267.
3. **Police Power.** "The essential quality of the police power as a governmental agency is that it imposes upon persons and property burdens designed to promote the safety and welfare of the public at large." *Chicago, B. & Q. R. Co. v. State,* 47 Neb. 549, affirmed, 170 U. S. 57.

APPEAL from the State Railway Commission. *Affirmed.*

*Robert A. Brown, C. A. Magaw* and *R. L. Douglas,* for appellant.

*O. S. Spillman, Attorney General,* and *Hugh LaMaster, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, EVANS and THOMPSON, JJ.

DEAN, J.

Lena Lindemann and William Lindemann, her husband,

are the owners of, reside on and cultivate a farm described as the northwest quarter of section 25, township 6, range 8, in Clay county. Besides the dwelling-house, the farm is equipped with the usual complement of farm buildings. The St. Joseph & Grand Island Railway Company, defendant, is a common carrier of passengers and freight in Nebraska and elsewhere. Defendants right of way extends diagonally in a northwesterly and southeasterly direction through a part of plaintiff's farm. There is no public or private crossing connecting plaintiffs' lands, which lie on either side of defendant's right of way, except the public crossings, or highways, on the section lines which adjoin the farm.

Defendant having been requested, and having refused, to construct a private crossing at plaintiffs request, which was made pursuant to section 4, ch. 261, Laws 1921, now section 5527, Comp. St. 1922, a formal complaint was filed before the Nebraska state railway commission, and, after an investigation and hearing, it was duly ordered by the commission that the defendant railway company, within 60 days from the date of the order, "construct at its own expense one private grade crossing between the portions of complainants' farm, described in this finding, with grading and planking in conformity with the standard practices of defendant company in construction of similar crossings." From this order defendant has appealed.

Among other things defendant railway company pleaded the following:

"Further answering, the defendant states that it is the legal successor of the St. Joseph & Denver City Railroad Company, to which the United States granted, by Act of Congress approved July 23, 1866, a right of way two hundred (200) feet in width, 100 feet in width on each side of the road where it may pass through the public domain, together with all necessary grounds for station buildings, depots, switches, side-tracks and so forth, and that the right of way and premises owned by the defendant in the quarter section described in the complaint filed herein are

a part of the right of way so granted to the defendant's predecessor, said St. Joseph & Denver City Railroad Company, and are owned by defendant in fee simple pursuant to such grant." See 14 U. S. St. at Large, ch. 212, p. 210. "The defendant further states that by the same Act of Congress, approved July 23, 1866, there was granted to the state of Kansas, for the use and benefit of the St. Joseph & Denver City Railroad Company, the odd-numbered sections, ten sections in width on each side of the railroad of the defendant's predecessor, the St. Joseph & Denver City Railroad Company; that the St. Joseph & Denver City Railroad Company duly accepted said Act and filed its plat of the location of its railroad, and that thereafter that part of section twenty-five (25) in the township, range and county aforesaid, exclusive of the right of way two hundred (200) feet in width, was patented to the St. Joseph & Denver City Railroad Company in aid of the construction of its railroad; and that the portions of the northwest quarter of said section twenty-five (25) above described lying on either side of said railroad right of way, so granted as aforesaid, were conveyed to the complainant's predecessors in title by the said St. Joseph & Denver City Railroad Company or its successors, after the date of the construction of the railroad upon and along the right of way granted by the aforesaid Act of Congress, and after said quarter section had been physically divided by the construction of said railroad."

It seems that the section of railroad here involved was built in 1871, and that in 1875 defendant's predecessor, namely, the St. Joseph & Denver City Railroad Company, conveyed the section of land, which included that now owned by plaintiffs, to plaintiffs' predecessor, and that, among other things, the deed of conveyance reserved a strip of land 100 feet wide on each side of the center of the railroad track. The conveyance above referred to, which is dated October 26, 1875, upon which defendant in part relies, contains this recital:

"Reserving, however, to the St. Joseph & Denver City Railroad Company all that portion of the land hereby conveyed, if any such there be, which lies within lines drawn parallel with and one hundred feet on each side distant from the center line of its road as now constructed, and any greater width when necessary permanently to include all their cuts, embankments and ditches and other works necessary to secure and protect their main lines."

And on this point defendant argues: "The conveyance of the railroad company to appellees' grantor of the lands owned by appellees does not recognize any right of the grantees to a private crossing." And in its answer it is pleaded that, in view of the facts it "is not required under the statutes and laws of the state of Nebraska to make the private crossing prayed for in the complaint filed herein, and that to require it to make such private crossing under the circumstances hereinabove recited would unlawfully take the property of the defendant for private use, and deprive it of its property without due process of law, in violation of and contravention of its rights under the Constitution of the United States, and more particularly under section 1 of the Fourteenth Amendment thereto."

A statute which required railroads to erect crossings over lands of persons which were located on both sides of a railroad was enacted by the territorial legislature in 1866. The act reads:

"When any person owns land on both sides of any railroad, the corporation owning such railroad shall, when required so to do, make and keep in good repair one causeway or other adequate means of crossing the same." Rev. St. 1866, ch. 25, sec. 106.

July 1, 1866, the above territorial act was in force. This was prior to the congressional grant of the right of way to defendant's predecessor. And the act was in full force and effect when the Constitution of 1866, and the territorial laws, were approved by the congress when Nebraska was subsequently admitted to the Union. So that it

Lindemann v. St. Joseph & G. I. R. Co.

follows that the above act, together with all territorial laws. then in force, were then, and thereby, saved to the state.

The above territorial act remained in full force and effect until 1921, when it was amended to read as follows:

"When any person owns land on both sides of the right. of way of any railroad, such railroad shall provide and keep in repair at least one adequate means for such land-owner to cross the right of way. Any interested landowner with land on both sides of the right of way of any railroad may file written complaint with the state railway commission against any such railroad that the crossing is not adequate, and the commission thereupon shall make such investigation and hold such hearing as may be necessary, and shall issue such orders as it shall deem necessary, proper and adequate. If circumstances warrant, the commission may require overhead, underground or grade crossings and require wing fences at underground crossings, but where such special crossing involves an expenditure of more than six hundred ($600) dollars the landowner shall bear one-half the expense in excess of six hundred ($600) dollars." Laws 1921, ch. 261, sec. 4.

In the case under consideration the facts are undisputed and questions of law alone are here involved. Counsel for the commission, in behalf of plaintiffs, argues that defendant's right of way, as pointed out in *Northern P. R. Co. v. Townsend*, 190 U. S. 267, 271, was, in effect, "a limited fee, made on an implied condition of reverter in the event that the company ceased to use or retain the land for the purpose for which it was granted." In the *Townsend* case it was decided that no part of a right of way of a railroad company, which was granted by an Act of Congress, could be held by adverse possession. However, in the same case the court held that the grantee of such right of way was not absolved from the operation of police regulations. On this point the court said:

"Of course, nothing that has been said in any wise imports that a right of way granted through the public domain within a state is not amenable to the police power of

Lindemann v. St. Joseph & G. I. R. Co.

the state. Congress must have assumed when making this grant, for instance, that in the natural order of events, as settlements were made along the line of the railroad, crossings of the right of way would become necessary, and that other limitations in favor of the general public upon an exclusive right of occupancy by the railroad of its right of way might be justly imposed. But such limitations are in no sense analogous to claim of adverse ownership for private use."

In Illinois it was held that, because of the public nature of its business, railroad corporations are within the operation of all reasonable police regulations. *Illinois C. R. Co. v. Willenborg,* 117 Ill. 203. See *Fremont, E. & M. V. R. Co. v. Lamb,* 11 Neb. 592.

In a case which, on appeal, was affirmed by the supreme court of the United States, we held that the police power is one, "which cannot be surrendered, to require persons and corporations to so exercise and enjoy their rights as not unnecessarily to injure others. That the principle stated is especially applicable to existing rights, without regard to the time of their acquirement or to the source from whence they are derived, appears to us a self-evident proposition not requiring argument." *Chicago, B. & Q. R. Co. v. State,* 47 Neb. 549, affirmed on appeal, 170 U. S. 57.

Defendant has cited cases which do not appear to be in point, and we do not find it necessary to notice them further. In view, therefore, of the record, and of the decisions applicable thereto, we conclude that deprivation of property without due process has not been shown. The findings and order of the Nebraska railway commission, therefore, must be, and they are, hereby, in all things

AFFIRMED.